**UNITED STATES of America Plaintiff—Appellee,**

v.

**David GARCIA–JUAREZ Defendant—Appellant.**

No. 03–40245.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

April 7, 2004.

James Lee Turner, Assistant US Attorney, John Richard Berry, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Melissa J. Hinojosa–Garcia, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**362**

PER CURIAM.*

David Garcia–Juarez appeals from his conviction of illegal reentry following deportation. Garcia contends, for the first time on appeal, that his sentence violated the relevant statutory maximum of 8 U.S.C. § 1326(a) and that the district court erred by imposing the 16–level crime-of-violence adjustment of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was not actually convicted of assault with a deadly weapon in Minnesota in 2000. He also contends, for the first time on appeal, that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

A sentence that exceeds the statutory maximum is illegal and constitutes plain error. *United States v. Sias*, 227 F.3d 244, 246 (5th Cir.2000). Garcia was deported before his scheduled sentencing date in Minnesota, and he has never been sentenced on his Minnesota guilty plea. He was never formally adjudicated guilty in Minnesota. *See State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn.2002). Garcia was not convicted in Minnesota for federal immigration law purposes. *See Moosa v. INS*, 171 F.3d 994, 1001–02 (5th Cir.1999). As the government concedes, the district court therefore erred by imposing the 16–level adjustment and by sentencing Garcia to more than two years' imprisonment. Because the district court erred by sentencing Garcia under the "aggravated felony" provision of 8 U.S.C. § 1326(b), we do not reach the issue, raised for the first time on appeal, of the constitutionality of 8 U.S.C. § 1326(b).

VACATED AND REMANDED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

